UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JOSEPH J. FLOWERS,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

    Defendant.

                                /

No. C 14-1641 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. (Doc. 6.)

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that his personal property was lost and certain legal documents were taken while he was incarcerated.

Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.  *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing

1  Cal. Gov't Code §§ 810-895).  Nor is a prisoner protected by the Fourth Amendment
2  against the seizure, destruction or conversion of his property.  *Taylor v. Knapp*, 871 F.2d
3  803, 806 (9th Cir. 1989).  Accordingly, Plaintiff cannot state a constitutional claim for
4  deprivation of personal property.

5  Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*,
6  518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a
7  claim for any violation of the right of access to the courts, the prisoner must prove that there
8  was an inadequacy in the prison's legal access program that caused him an actual injury.
9  *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the
10 inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim
11 concerning his conviction or conditions of confinement.  *See id.* at 354-55.

12 Plaintiff states that he was transferred out of Salinas Valley State Prison and should
13 have received five boxes of his personal property that included legal documents when he
14 arrived at the new facility.  Plaintiff states that he eventually received the boxes but certain
15 legal documents were missing including several witness declarations for his habeas
16 petition, case No. C 14-0589 CW (PR).  Case No. C 14-0589 CW (PR) was stayed so
17 petitioner could exhaust his claims as he indicated that he had recovered the lost evidence
18 which appeared to be included in the petition.  See Docket No. 9 in Case No. C 14-0589
19 CW (PR).

20 In this case, plaintiff has failed to provide sufficient allegations that he has suffered
21 an actual injury to show a denial of access to the courts. His habeas case was stayed at his
22 request and he only recently sought to lift the stay and it appears the missing declarations
23 were recovered. Plaintiff has not described the substance of the declarations which were at
24 least temporarily missing and a review of his habeas petition indicates that several
25 declarations have been attached.  Finally, plaintiff has not identified any specific defendants
26 and described their role in the case.  The complaint will be dismissed with leave to amend
27 to provide more information regarding his denial of access to the courts claim and to
28

identify the appropriate defendants.  His claim regarding the deprivation of his non-legal property is DISMISSED for the reasons set forth above.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend to assert a claim for denial of access to the courts in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 23, 2014.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.14\Flowers1641.wpd

4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JOSEPH J. FLOWERS,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

    Defendant.

No.1:14-C-1641 NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on May 23, 2014, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Joseph J. Flowers
F82065
A2-230
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated:  May 23, 2014

                                            /s/  *Linn Van Meter*
                                          Linn Van Meter
                                Administrative Law Clerk to the
                                  Honorable Nandor J. Vadas