1
2
3                  UNITED STATES DISTRICT COURT
4                 NORTHERN DISTRICT OF CALIFORNIA
5                          EUREKA DIVISION
6
7   JOSEPH J. FLOWERS,
                                              No. C 14-1641 NJV (PR)
8                  Plaintiff,
                                              **ORDER OF DISMISSAL**
9          v.
10  DEPARTMENT OF CORRECTIONS,
    et al.,
11
12                 Defendants.
    _____/
13
14          Plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The Court
15  dismissed the original complaint with leave to amend and plaintiff has filed an amended
16  complaint and a second amended complaint.  (Doc. 12.)  The Court will review the second
17  amended complaint.  As set forth below, the Court will dismiss this case for failure to state
    a claim upon which relief can be granted.
18
                                 **DISCUSSION**
19
    **A.    Standard of Review**
20
            Federal courts must engage in a preliminary screening of cases in which prisoners
21
    seek redress from a governmental entity or officer or employee of a governmental entity.
22
    28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
23
    dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
24
    be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at
25
    1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*
26
    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
27
            Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
28
    the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

        Plaintiff alleges that his personal property was lost and certain legal documents were taken.

        Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes

2

United States District Court
For the Northern District of California

1 relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d

2 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for

3 any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing

4 Cal. Gov't Code §§ 810-895).  Nor is a prisoner protected by the Fourth Amendment

5 against the seizure, destruction or conversion of his property. *Taylor v. Knapp*, 871 F.2d

6 803, 806 (9th Cir. 1989).

7      Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*,

8 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a

9 claim for any violation of the right of access to the courts, the prisoner must prove that there

10 was an inadequacy in the prison's legal access program that caused him an actual injury.

11 *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the

12 inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim

13 concerning his conviction or conditions of confinement. *See id.* at 354-55.

14      Plaintiff states that he was transferred out of Salinas Valley State Prison and should

15 have received five boxes of his personal property that included legal documents when he

16 arrived at the new facility.[1]  Plaintiff states that he eventually received the boxes but certain

17 legal documents were missing, including several witness declarations required for his

18 habeas petition, case No. C 14-0589 CW (PR).  Plaintiff states that the declarations

19 discussed how others eavesdropped on Plaintiff and his attorney while they were

20 discussing his defense for his underlying criminal case.  Case No. C 14-0589 CW (PR) was

21 stayed so Plaintiff could exhaust his claims.  (Docket No. 9 in Case No. C 14-0589 CW

22 (PR).)  Plaintiff indicated that he had recovered the lost evidence, which appeared to be

23 included in the petition. *Id.*  The petition in No. C 14-0589 CW (PR) (Docket No. 1),

24 contains numerous declarations regarding the eavesdropping and Plaintiff states the

25 eavesdropping was addressed by the judge at his trial.  Case No. C 14-0589 CW (PR) was

27
28 [1] The named defendants in this action appear to be guards at High Desert State Prison which is located in the Eastern District of California.

3

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   recently unstayed as plaintiff stated he had exhausted his claims.

2        In this case, Plaintiff has failed to describe an actual injury to demonstrate denial of

3   access to the courts because he was able to file timely habeas petitions in state court with

4   the necessary evidence and there were several declarations attached to his federal petition

5   regarding the eavesdropping.  Plaintiff seeks money damages and for tolling in his federal

6   habeas case.  This Court cannot enter an order in this civil rights case granting tolling in a

7   separate habeas corpus case.  Further, Plaintiff's habeas case has yet to be served on

8   respondent and it is not clear if tolling will be necessary.  If tolling is required for the habeas

9   corpus petition to proceed, Plaintiff can present his arguments in that case.  In conclusion,

10  Plaintiff has failed to demonstrate an actual injury to support a denial of access to the

11  courts claim.  Because the deprivation of his property also fails to state a claim, this case is

12  dismissed.

### CONCLUSION

14  1.  This case is **DISMISSED** for the reasons set forth above.

15  2.  The Clerk shall close the file.

16  **IT IS SO ORDERED.**

18  Dated: July 30, 2014.                              _____

19                                                      NANDOR J. VADAS
                                                        United States Magistrate Judge

**United States District Court**
For the Northern District of California

1

2

3    IN THE UNITED STATES DISTRICT COURT

4    FOR THE NORTHERN DISTRICT OF CALIFORNIA

5    EUREKA DIVISION

6

7    JOSEPH J. FLOWERS,                              No.1:14-CV-1641 NJV (PR)

8              Plaintiff,                            **CERTIFICATE OF SERVICE**

9    v.

10   DEPARTMENT OF CORRECTIONS, et al,

11             Defendants.
     _____/

12

13        I, the undersigned, hereby certify that on July 30, 2014, I served a true and correct copy of

14   the attached by placing said copies in a postage paid envelope addressed to the person(s) listed

15   below, by depositing said envelope in the U.S. Mail.

16

17   Joseph J. Flowers
     F82065
18   A2-230
     High Desert State Prison
19   P.O. Box 3030
     Susanville, CA 96127
20

21                             /S/ _Linn Van Meter_
                                  Linn Van Meter
22                          Administrative Law Clerk to the
                             Honorable Nandor J. Vadas
23

24

25

26

27

28

                                         5